PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE SHEET METAL WORKERS' LOCAL UNION NO. 33 PROFIT SHARING ANNUITY FUNDS, *et al*., | ) ) ) ) | CASE NO. 1:09CV01170 |
| Plaintiffs, | ) ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) ) | |
| BECKLEY MECHANICAL, INC., | ) ) | |
| | ) | **MEMORANDUM AND ORDER OF** |
| Defendant. | ) | **OPINION** (Resolving ECF Nos. 53 & 69) |

Trial in this matter is set to begin on Tuesday, May 29, 2012.  *See* Docket Order

10/28/2011.  Before the Court are Plaintiffs' Motions in Limine to Prevent Defendant from

Introducing Evidence of Side Agreements to Dispute the Results of the Audit (ECF No. 53) and

to Prevent Defendant from Introducing Employee Timecards and 2007 Payroll Register (ECF

No. 68); and Defendant's Motion to Quash the Subpoena of Ameila Fox (ECF No. 69).  With the

exception of ECF No. 68, the motions are ripe for adjudication.

For the reasons that follow, the Court denies Plaintiffs' Motion in Limine (ECF No. 53)

and grants Defendant's Motion to Quash (ECF No. 69).

**A.  Plaintiffs' First Motion in Limine**

Plaintiffs' Motion in Limine to Prevent Defendant from Introducing Evidence of Side

Agreements to Dispute the Results of the Audit is denied, and the November 16, 2004

Agreement is admissible subject to further order of the Court.  ECF Nos. 53; 76 (Joint Notice of

November 16, 2004 Agreement).  The determination whether to grant or deny a motion in limine

(1:09CV01170)

is within the sound discretion of the trial court.  *Goldman v. Healthcare Mgmt. Sys., Inc.*, 559 F.

Supp. 2d 853, 858 (W.D. Mich. 2008) (citing *U.S. v. Certain Land Situated in Detroit*, 547 F.

Supp. 680, 681 (E.D. Mich. 1982)).  In limine rulings are preliminary, and the district court may

change its ruling at trial for any reason it deems appropriate.  *U.S. v. Yannott*, 42 F.3d 999, 1007

(6th Cir. 1994).

### B.  Defendant's Motion to Quash

Federal Rule of Civil Procedure 45(c) states that an attorney has a duty to not issue a

subpoena for improper purposes or to impose an undue burden on the subpoena recipient, and

provides mechanisms for such recipients to challenge the subpoena.  Rule 45(c)(3) lists situations

in which a subpoena "must" be quashed or modified:

> (i) fails to allow a reasonable time to comply;
>
> (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person--except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
>
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>
> (iv) subjects a person to undue burden.

*See* Fed. R. Civ. P. 45(c)(3)(A)(i)-(iv).

In the instant matter, Defendant's move to quash Plaintiffs' May 10, 2012 subpoenas

commanding Amelia Fox to attend trial and testify in the matter before the Court, pursuant to

Rule 45(c)(3)(A)(ii).  ECF No. 69.  Defendant's explain that Amelia Fox is a non-party witness

who resides in Beckley, West Virginia.  ECF No. 69 at 2.  Defendant's argue that Amelia Fox

(1:09CV01170)

resides more than three hundred (300) miles from the presiding Courthouse.  ECF No. 69 at 2-3.

In accordance with Federal Rule of Civil Procedure 45(c)(3)(A)(ii), the Court grants

Defendant's Motion to Quash the Subpoena of Ameila Fox (ECF No. 69).  *See U.S. ex rel. Pogue*

*v. Diabetes Treatment Centers of America, Inc.*, 444 F.3d 462, 468 (6th Cir. 2006) ("[A]

nonparty witness cannot be compelled to travel more than 100 miles from where the witness

resides, is employed, or regularly transacts business in person to comply with the subpoena. *See*

Fed.R.Civ.P. 45(c)(3)(A)(ii).").

### C.  Plaintiffs' Second Motion in Limine

No later than 4:00 p.m. today, Defendant shall file its responsive pleading to Plaintiffs'

Motion in Limine to Prevent Defendant from Introducing Employee Timecards and 2007 Payroll

Register (ECF No. 68).


IT IS SO ORDERED.


May 25, 2012                                                  */s/ Benita Y. Pearson*
Date                                                         Benita Y. Pearson
                                                             United States District Judge

-3-