PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE SHEET METAL WORKERS' LOCAL UNION NO. 33 PROFIT SHARING ANNUITY FUND, *et. al.*, | ) )<br>) CASE NO. 1:09cv1170<br>) )<br>) JUDGE BENITA Y. PEARSON |
| Plaintiffs, | ) ) |
| v. | ) ) |
| BECKLEY MECHANICAL, INC., | ) ) **MEMORANDUM OF OPINION AND** |
| Defendant. | ) **ORDER** [Regarding ECF Nos. 93; 95] |

This matter is before the Court upon the Motion to Vacate pursuant to Fed. R. Civ. Pro. 60(b)(4) filed by Defendant Beckley Mechanical, Inc. ("Beckley"). ECF No. 93. For the reasons that follow, the Court denies Beckley's motion.

**I. Background**

This breach of contract case was filed on May 21, 2009, by Plaintiff Trustees of the Sheet Metal Workers' Local Union No. 33 Profit Sharing Annuity Fund; Trustees of the SASMI Trust Fund; Trustees of the Sheet Metal Workers' Local Union No. 33 Parkersburg District Joint Apprenticeship and Training Committee; Trustees Of The Sheet Metal Workers' National Pension Fund; and American Benefit Corporation ("Plaintiffs") against Beckley. ECF No. 1.

On May 29, 2012, the Court issued an Order of Case Dismissal after having been informed that the matter had been settled. The Court approved the Proposed Final Agreed Entry (ECF No. 81), stating that "the Court shall have continuing jurisdiction to enforce the terms of

(1:09cv1170)

the Settlement Agreement between the parties." ECF No. 82 at 1.

The confidential Settlement Agreement laid out a payment scheme for an amount to be paid by Beckley to Plaintiffs, signed by "Beckley Mechanical, Inc." in addition to William Mahaffey, the owner and president of Beckley (ECF No. 37-1 at 1), as personal guarantor. The agreement affirms that Mr. Mahaffey "personally and unconditionally guarantees and promises to pay the Funds any obligations of Beckley under the terms and conditions of this Settlement Agreement and hereby agrees to bind himself to pay Plaintiff on demand any sum which may become due to the Funds by Beckley in the event that Beckley defaults." The Settlement Agreement also established that the Court would retain jurisdiction over the agreement.

On December 11, 2012, Plaintiffs filed a Motion Requesting that the Court find Defendant Beckley Mechanical, Inc. and William Mahaffey in Violation of the Settlement Agreement. ECF No. 84. Beckley responded on December 26, 2012. ECF No. 86. On December 27, 2012, the Court set a telephonic conference to be held on January 9, 2013. ECF No. 87.

On January 9, 2013 Beckley filed a notice with the Court that it had filed for bankruptcy. ECF No. 88. Accordingly, the Court issued a Stay on January 9, 2013 as to Beckley and, as to other matters, the Court proceeded with the telephonic conference. Pursuant to discussions held and the Court's subsequent Order (ECF No. 89), Plaintiffs filed a Proposed Judgment Entry against William Mahaffey, as personal guarantor of funds due, owing to Beckley's breach of the

2

(1:09cv1170)

Settlement Agreement. ECF No. 90.[1] . On January 22, 2013, the Court approved the Proposed Judgment Entry and granted Plaintiffs' Motion finding William Mahaffey in violation of the Settlement Agreement. ECF No. 91.

On January 25, 2013, Beckley filed a Motion to Vacate Judgment (ECF No. 93), and Plaintiffs responded (ECF No. 96). Plaintiffs also filed an Affidavit/Declaration for Attorney Fees. ECF No. 95.

## II. Legal Standard

"Fed. R. Civ. P. 60(b)(4) permits a collateral motion challenging a court's subject matter jurisdiction, but only if such lack of subject matter jurisdiction makes the judgment 'void.'" *U.S. v. Dailide*, 316 F.3d 611, 617 (6th Cir. 2003) (citing *Manohar v. Massillon Cmty. Hosp.*, 208 F.3d 214, at *1 (6th Cir. March 17, 2000) (table); *see also In re Park Nursing Ctr.*, 766 F.2d 261, 264 (6th Cir. 1985).

## III. Analysis

### A.

Beckley argues that the Court did not have jurisdiction to enforce judgment against Mr. Mahaffey because Mr. Mahaffey is not a party in the action, and that the Court retained jurisdiction over the Settlement Agreement between the parties, which does not include Mr. Mahaffey. ECF No. 93 at 4. Plaintiffs respond that the Court retained jurisdiction over the

---

[1] Plaintiffs were ordered to serve Mr. Mahaffey with a copy of the Proposed Judgment Entry through Beckley's counsel, Mr. Yost. During the January 9, 2013 telephonic conference, Mr. Yost represented to the Court that he would accept service on behalf of Mr. Mahaffey. ECF No. 89 at 1.

3

(1:09cv1170)

parties to the Settlement Agreement, and that Mr. Mahaffey voluntarily became a party to the Settlement Agreement by, among other affirmative acts, signing his name to it on October 25, 2012. ECF No. 96 at 4.

Federal courts have inherent powers to enforce agreements executed in settlement. *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1371 (6th Cir. 1976) cert. denied 429 U.S. 862 (1976). "[A] district court should hesitate to decline to enforce a working settlement agreement." *G.G. Marck & Assoc., Inc. v. Peng*, 309 Fed.Appx. 928, 934-935 (6th Cir. 2009) (citing *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 470 (6th Cir. 2007). In *Mustangs Unlimited*, the Sixth Circuit "emphasize[d] the importance of the general policy favoring enforcement of settlement agreements" in reversing a district court's order granting relief from judgment under Rule 60(b)(6). 487 F.3d at 469. *Midwest Curtainwalls, Inc. v. Am. Bridge/Edward Kraemer & Sons*, 626 F. Supp. 2d 708, 720 (N.D. Ohio 2009) (citing *Mustangs Unlimited*, 487 F.3d at 470).

Furthermore, the Court "always has jurisdiction to enforce its own orders." *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 504 (6th Cir. 2000) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 551 U.S. 375, 380-81 (1994)). A court's interpretation of its own orders is entitled to deference. *Kendrick v. Bland*, 931 F.2d 421, 423 (6th Cir. 1991). Moreover, a district court has the authority to dismiss pending claims while retaining jurisdiction over the future enforcement of a settlement agreement. *Futernick v. Sumpter Twp.*, 207 F.3d 305, 310 (6th Cir. 2000).

A district court has jurisdiction to enforce a settlement agreement if: (1) the court expressly retains jurisdiction over the settlement agreement by means of a separate provision in

(1:09cv1170)

the order of dismissal; or (2) the dismissal order expressly incorporates the terms of the settlement agreement. *Re/Max International, Inc. v. Realty One, Inc.*, 271 F.3d 633, 641-42 (6th Cir. 2001) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 551 U.S. at 381).

In the instant case, the Court has jurisdiction to enforce the Settlement Agreement because it expressly retained jurisdiction in the Order approving the Final Agreed Entry, stating, "[t]he Court shall have continuing jurisdiction to enforce the terms of the Settlement Agreement between the parties." ECF No. 82. The signing parties to the Settlement Agreement were Plaintiffs, Beckley, and Mr. Mahaffey. Mr. Mahaffey signed as a personal guarantor in the event Beckley, his company, breached the agreement. Mr. Mahaffey also consented to the jurisdiction of the Court over the Settlement Agreement when he signed the agreement.

Beckley relies upon *LaBarbera v. Dasgowd, Inc.*, 2007 WL 1531895 (E.D.N.Y. May 22, 2007) in support of its argument that the Court lacks subject matter jurisdiction over a non-party guarantor of a settlement agreement. ECF No. 93 at 3-4. However, the *LaBarbera* court did not decide that issue— rather, it found it did not have subject matter jurisdiction because it never retained jurisdiction over the settlement agreement.[2] 2007 WL 1531895 at *2.

Additionally, the Court notes that Fed. R. Civ. Pro. 71 grants to the district courts the power to enforce orders against "a person who is not a party ... as if a party." It states, "[w]hen an order grants relief for a nonparty or may be enforced against a nonparty, the procedure for enforcing the order is the same as for a party." *Id.* Rule 71 memorializes "the common sense

---

[2] The *LaBarbera* court, in *dicta*, noted that the plaintiffs had not cited to case law wherein a court enforced a settlement agreement against a non-party. 2007 WL 1531895 at *2 n.2.

5

(1:09cv1170)

rule that courts can enforce their orders against both parties and non-parties." *Westlake North Property Owners Ass'n v. Thousand Oaks*, 915 F.2d 1301, 1304 (9th Cir. 1990). *See also Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1323 (9th Cir. 1998) (when an injunction is addressed to a non-party and he is given notice of the injunction, Rule 71 permits a district court to use "the same processes for enforcing obedience to the order as if [he were] a party," such as holding him in contempt for violating it); and *Lasky v. Quinlan*, 558 F.2d 1133, 1137 (2d Cir. 1977) ("It seems clear that Rule 71 was intended to assure that process be made available to enforce court orders in favor of and against persons who are properly affected by them, even if they are not parties to the action.") (citing 7 J. Moore, Federal Practice at 71.10 (1975)). In the instant case, the Court issued an Order wherein it retained jurisdiction to enforce the terms of the Settlement Agreement between the parties, including Mr. Mahaffey as a party to the Agreement. Thus, pursuant to Rule 71, the Court has the authority to enforce the Order.

Accordingly, the Final Agreed Entry (ECF No. 82) supplies the Court with jurisdiction over Mahaffey, a party to the Settlement Agreement.

**B.**

Beckley also attests that "Mr. Mahaffey has never been served with process regarding any action seeking to recover a judgment against him based upon his signature as a 'guarantor' under the Settlement Agreement." ECF No. 93 at 2. However, counsel for Beckley, Mr. Yost, represented to the Court during the telephone conference held on January 9, 2013, that he would accept service of the Proposed Judgment Entry against Mr. Mahaffey for Mr. Mahaffey. ECF No. 89. The Court thereafter instructed Plaintiffs to provide a copy of the proposed entry by

6

(1:09cv1170)

January 18, 2013 to Mr. Mahaffey through Mr. Yost. ECF No. 89. On January 18, 2013, Plaintiffs provided a copy of the Proposed Judgment Entry against Mr. Mahaffey to Mr. Yost. ECF No. 98. Therefore it cannot plausibly be, as Beckley alleges, that Mr. Mahaffey has never been served with process regarding any action seeking to recover a judgment against him.

### C.

Beckley does not respond to Plaintiffs' Affidavit/Declaration for Attorney Fees (ECF No. 95). The Court notes that the Settlement Agreement provides for attorney fees and expenses related to the enforcement of the agreement. The Court finds the amount requested is reasonable, and, accordingly, awards Plaintiffs attorney fees in the amount of $2,213.00.

### IV. Conclusion

For the reasons stated herein, the Court denies Defendant Beckley Mechanical's Motion to Vacate Judgment (ECF No. 93). Additionally, the Court awards attorney fees in the amount of $2,213.00 to Plaintiffs.

IT IS SO ORDERED.

| | |
|---|---|
| March 12, 2013 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |